# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1747

_____

Semi-Materials Co., Ltd.,             *
                                      *
            Plaintiff - Appellee,     *    Appeal from the United States
                                      *    District Court for the Eastern
      v.                              *    District of Missouri.
                                      *
MEMC Electronic Materials, Inc.;      *    [UNPUBLISHED]
MEMC Pasadena, Inc.,                  *
                                      *
            Defendant - Appellant.    *

_____

Submitted: June 9, 2009
Filed: July 10, 2009

_____

Before BYE, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

MEMC Electronic Materials, Inc., and MEMC Pasadena, Inc. (collectively MEMC), appeal the district court's order finding it entered into a binding settlement agreement with Semi-Materials Co., Ltd., and ordering specific performance of the settlement terms. We remand.

MEMC manufactures polysilicon, and Semi-Materials manufactures semiconductors using a process requiring polysilicon. Beginning June 2005, MEMC and Semi-Materials entered into a series of contracts covering the sale of polysilicon by MEMC to Semi-Materials. In September 2006, Semi-Materials sued MEMC

alleging it breached the contracts. On November 9, 2007, the parties attended a mediation in hopes of settling the dispute. No settlement was reached but the parties continued to negotiate.

At the unsuccessful mediation, a handwritten "term sheet" was compiled delineating the salient terms to be covered by any settlement. On November 20, 2007, using the handwritten term sheet as a guideline, counsel for MEMC sent an email to Semi-Materials's attorney, which included a Proposed Settlement Term Sheet. The email contained an explanation of several of the proposed terms and concluded by stating:

> Much like Semi-Materials, MEMC does not want this to drag out. The parties either need to agree now on these settlement terms, or not agree, and proceed with the lawsuit. As a result, I have been instructed to advise Semi-Materials that this settlement offer is MEMC's last offer, and that the offer will remain open until 5:00 p.m. on Friday, November 23, 2007. While I will not be in the office on Thursday or Friday, I will have my Blackberry, and we can indicate assent to the Term Sheet via e-mail as needed. Obviously, thereafter we would need to commence drafting the actual Settlement Agreement (said differently, we are not expecting to have the Settlement Agreement drafted and signed by November 23; just agreement on this Term Sheet). Obviously, any Settlement Agreement would need to include broad releases, including releases broad enough to capture not only the disputes raised by the allegations in the Amended Complaint, but other matters Semi-Materials has raised regarding relationships between Semi-Materials and MEMC and SMC Shanghai and MEMC.

Counsel for Semi-Materials responded to MEMC's final offer on November 22, 2007, stating: "Semi-Materials hereby accepts MEMC's settlement offer."

Over the next month, the parties exchanged several drafts of a proposed settlement agreement but no final draft was agreed upon or executed. On December 26 and 27, Semi-Materials wired pre-payments to MEMC for a December 31, 2007,

shipment, as required by MEMC's settlement offer. On December 26, MEMC advised Semi-Materials it could not provide the shipment. On December 28, Semi-Materials advised MEMC it considered the November 20 final settlement offer binding upon Semi-Materials's unconditioned acceptance, and MEMC's failure to ship was a breach of the settlement agreement. Thereafter, Semi-Materials moved the district court for an order enforcing the settlement and for specific performance.

The district court held MEMC's final settlement offer contained in the November 20 email and attachment constituted a binding offer of settlement. The court further concluded a binding settlement agreement had been created by Semi-Materials's unconditional acceptance of the offer. The court rejected MEMC's characterization of the final offer as conditioned upon the execution of the final Settlement Agreement and the various releases. Additionally, the district court ordered specific performance. On appeal, MEMC argues the district court erred because 1) the parties' communications made clear any settlement was conditioned upon the execution of a written final Settlement Agreement and the necessary releases, 2) the Proposed Settlement Term Sheet could not reasonably be understood by Semi-Materials as a binding offer or agreement, and 3) the parties' conduct demonstrated the Proposed Settlement Term Sheet was not intended by either as a binding offer or agreement.

Subsequent to the district court judgment granting specific performance, market conditions drastically changed. Polysilicon or suitable substitutes became more plentiful and the price of the product dramatically spiraled downward. As a result, a few days prior to oral argument Semi-Materials moved this court for an order vacating the district court's order or, alternatively, an order affirming the district court but remanding for consideration of Semi-Materials's motion to rescind the settlement agreement. Conversely, MEMC asks the court to reverse the district court's decision on the merits or, alternatively, to grant the motion to vacate with the added caveat that it may recover its costs incurred on appeal.

Simply stated, both parties now contend, for different reasons, that the specific performance remedy, the action of the district court that provides this court with appellate jurisdiction, is neither equitable nor desirable. Because of this underlying change in circumstances, the parties request that we return this contract dispute to the district court in its pre-settlement status. The parties differ, however, with respect to whether MEMC should be allowed to recover its appellate costs.

After reviewing the record and the parties' briefs and arguments, we find this to be a just result and grant Semi-Materials's motion to vacate. This returns the dispute to the district court for further consideration of the claims and defenses of the parties. The additional matter of MEMC's costs on appeal is likewise placed within the sound discretion of the trial court. See Fed. R. App. P. 39(e). We also remind MEMC that it must file a bill of costs with the clerk of this court within fourteen days of the entry of judgment if it wishes to preserve its right to recover any appellate costs. See Fed. R. App. P. 39(d)(1); 8th Cir. R. 39A(b).

Accordingly, we remand this matter to the district court for further proceedings consistent with this opinion.

_____